IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFREY HAW,

   Plaintiff,

 v.

JOHN HOWARD,

   Defendant.
            /

No. C 13-357 SI
Related case: C 12-5167 SI

**ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY FEES**

Plaintiff's motion for attorney's fees is scheduled for a hearing on March 22, 2013. Defendant has not filed an opposition to the motion. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS plaintiff's motion and awards plaintiff $3,172 in attorney's fees.

**DISCUSSION**

On December 13, 2012, this Court remanded *Haw v. Howard*, C 12-5167 SI (Alameda County Superior Court Case No. RG 12646031), to state court, finding that this Court lacked jurisdiction over that unlawful detainer case. The Court denied plaintiff's request for attorney's fees incurred in connection with the improper removal.

On January 25, 2013, defendant again removed the same unlawful detainer action, *Haw v. Howard*, C 13-357 SI (Alameda County Superior Court Case No. RG 12646031), asserting the same defective grounds for jurisdiction that defendant previously asserted in C 12-5167 SI. *Compare* Docket

No. 1 in C 12-5167 SI and Docket No. No. 1 in C 13-357 SI. In an order filed February 12, 2013, the Court remanded this case to state court.

On February 12, 2013, plaintiff filed a motion for attorney's fees. Plaintiff seeks $3,172 in attorney's fees incurred in connection with the second improper removal. Plaintiff's lawyer has submitted a declaration stating that he spent 12.2 hours at a rate of $260 an hour researching and preparing the notice of motion of related case, and the notice and motion to remand. Tubman Decl. ¶ 9. Counsel states that he practices almost exclusively in state court, and that he required time to become familiar with the federal rules. Defendant's opposition to the fee motion was due March 8, 2013, and defendante did not file an opposition.

Courts may award attorney's fees under 28 U.S.C. § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).[1] The Court finds that defendant lacked an objectively reasonable basis for removing this unlawful detainer action because defendant asserted the same improper bases for removal in the second removal that the Court had already found insufficient for the first removal. *Cf. Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 757 (7th Cir. 2006) (stating that "[a] second removal is proper when based on a new development"). Accordingly, the Court finds it appropriate to award plaintiff attorney's fees, and GRANTS plaintiff's motion.

This order resolves Docket No. 8.

**IT IS SO ORDERED.**

Dated: March 18, 2013

SUSAN ILLSTON
United States District Judge

---

[1] Attorney's fees may be awarded in an order to remand or anytime thereafter. *Moore v. Permanente Medical Group. Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) (concluding that "an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits").

2